

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 29, 1971

Honorable Robert S. Calvert          Opinion No. M- 779
Comptroller of Public Accounts
State of Texas                       Re:  Questions relating to the
Austin, Texas                             provisions of Article
                                          6252-11, Vernon's Civil
                                          Statutes, and riders in
                                          the General Appropriations
                                          Act concerning State em-
                                          ployees' position classifi-
Dear Mr. Calvert:                         cation.

        Your request for an opinion on the above subject matter
questions whether the conclusions reached in Attorney General's
Opinion M-706 (1970) result in the violation of Section 1 of
Article II of the Constitution of Texas, dealing with the separa-
tion of powers between the three branches of government.

        Your request for an opinion also questions whether the
provisions of Sections le(1), le(2) and lm of Article V of House
Bill 2, Acts 61st Legislature, 1969, 2nd Called Session, pages
623, 981, 1009-1010, the General Appropriations Bill, are in
conflict with the general law.

        In Attorney General's Opinion M-706 (1970) it was held,
pursuant to the provisions of Article 6252-11, Vernon's Civil
Statutes (the Position Classification Act of 1961) and the riders
to the current General Appropriations Act enacted pursuant thereto
(H.B. 2 supra) that:

        "State employees under the classification
        system may be reclassified downward, without
        change in duty assignment, without a mandatory
        reduction in rate of pay, not to exceed step
        7 rate of the lower salary group."

        Article 6252-11, Vernon's Civil Statutes, provides in
part as follows:

        "Sec. 2.  All regular, full-time salaried em-
        ployments within the departments and agencies of
        the State specified in Article III, and the Central

-3794-

Education Agency, Deaf and Blind Schools in Article IV, and all such State employments in positions other than for Judges, District Attorneys, and Assistant District Attorneys specified in Article I of the biennial Appropriations Act, shall conform with the Position Classification Plan hereinafter described and with the salary rates and provisions of the applicable Appropriations Act commencing with the effective date of this Act, with the exceptions and deferments hereafter provided in this Section.

"  . . .

"Sec. 4.  Commencing with the effective date of this Act, all regular full-time salaried employments with the exceptions and deferments specified hereinabove shall be made only in conformity with the classes of work described in such Position Classification Plan, and under the titles authorized by such Plan.  The State Auditor shall examine or cause to be examined in periodic post-audits of expenditures of State departments and agencies, and by such methods as he deems appropriate and adequate, whether employments have been made in accordance with the provisions of this Act, and shall report the facts as found to the Governor, the Comptroller, and the Legislative Audit Committee.

"  . . .

"Sec. 6.  . . .

"When exceptions to or violations of the Position Classification Plan or of prescribed salary ranges are revealed by personnel audits, the Classification Officer shall notify the agency head in writing and specify the points of nonconformity or violation.  The executive head of such agency shall have reasonable opportunity to resolve the exception or end the violation by reassigning the employee to another position title or class consistent with the work actually performed, by changing the employee's title or salary rate to conform to the prescribed Classification Plan and salary range, or by obtaining a

new class description of work and salary range
to correct the exception or violation." (Emphasis
added.)

Pursuant to the provisions of Article 6252-11, the
Legislature in the General Appropriations Act establishes a
Position Classification Plan detailing salaries of employees
in classified positions, detailing classified positions and
making provisions for reclassifications, specifically requiring
that such reclassifications shall comply with the requirements
of the Classification Act.

You are therefore advised that the provisions of House
Bill 2, Acts 61st Leg., 1969, 2nd C.S., relating to classification
of State employees do not amend, repeal or modify the provisions of
Article 6252-11, Vernon's Civil Statutes. On the contrary, the
provisions of Article 6252-11 constitute the pre-existing law for
the classified salaries contained in the General Appropriations
Act and riders governing their expenditures.

We will now discuss whether the duties prescribed by
law for the Position Classification Officer, the State Auditor,
the Legislative Audit Committee, and other officials charged with
the duty of prescribing and carrying out the Position Classification
Plan, violate the provisions of Section 1 of Article II of the Con-
stitution of Texas.

Section 1 of Article II of the Constitution of Texas pro-
vides:

"Section 1. The powers of the Government
of the State of Texas shall be divided into three
distinct departments, each of which shall be con-
fided to a separate body of magistracy, to wit:
Those which are Legislative to one; those which
are Executive to another, and those which are
Judicial to another; and no person, or collection
of persons, being of one of these departments,
shall exercise any power properly attached to
either of the others, except in the instances
herein expressly permitted."

A fundamental principle of American constitutional
jurisprudence is expressed by the above quoted provisions. The
three departments of government are coordinated with and independ-
ent of each other, and none can enlarge, restrict or destroy the
powers of the other. Lytle v. Halff, 75 Tex. 128, 12 S.W. 610

(1889); Houston Tap Ry. Co. v. Randolph, 24 Tex. 317 (1859). This, however, does not prevent the Legislature from delegating to other officials quasi-legislative and quasi-judicial powers. See Texas Turnpike Authority v. Shepperd, 154 Tex. 357, 279 S.W.2d 302 (1955); Railroad Commission v. Houston Natural Gas Corporation, 155 Tex. 502, 289 S.W.2d 559 (1956); Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 131 S.W.2d 73 (1939); Railroad Commission v. Shell Oil Co., 139 Tex. 66, 161 S.W.2d 1022 (1942); Brazosport Savings and Loan Assoc. v. American Savings and Loan Assoc., 161 Tex. 543, 342 S.W.2d 747 (1961); Southwestern Savings and Loan Assoc. of Houston v. Falkner, 331 S.W.2d 917 (Tex.Sup. 1960); Chemical Bank and Trust Co. v. Falkner, 369 S.W.2d 427 (Tex.Sup. 1963); Kee v. Baber, 303 S.W.2d 376 (Tex. Sup. 1957).

In view of the foregoing authorities, it is our opinion that the duties prescribed by the Legislature on the Position Classification Officer, the State Auditor and the Legislative Audit Committee by the provisions of Article 6252-11, Vernon's Civil Statutes, and the riders in the General Appropriations Act relating to the Position Classification Plan constitute lawfully delegated powers and are not in violation of Section 1 of Article II of the Constitution of Texas.

## S U M M A R Y

The duties prescribed by the Legislature on the Position Classification Officer, the State Auditor and the Legislative Audit Committee by the provisions of Article 6252-11, Vernon's Civil Statutes, and the riders in the General Appropriations Act relating to the Position Classification Plan, constitute lawfully delegated powers and are not in violation of Section 1 of Article II of the Constitution of Texas.

The riders in the current General Appropriations Act relating to the Position Classification Plan for State employees do not amend, modify or repeal Article 6252-11, Vernon's Civil Statutes, the Position Classification Act of 1961, the pre-existing law for the Position Classification Plan contained in the General Appropriations Act.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Houghton Brownlee
Bob Flowers
Dick Chote
Ralph Rash

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant